Opinion filed September 2,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00139-CR

                                                    __________

 

                                 HOUSTON
E. HEDGES, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 104th District Court

                                                            Taylor
County, Texas

                                                    Trial
Court Cause No. 16829B

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The jury convicted Houston E. Hedges of arson.  The trial court assessed his
punishment at confinement in the Institutional Division of the Texas Department
of Criminal Justice for a term of ten years.  Appellant challenges the legal
and factual sufficiency of the evidence in a single issue.  We affirm the
conviction.

Background
Facts

Appellant’s
conviction arises from a fire that occurred at his house on August 17, 2007. 
The fire occurred soon after appellant’s wife filed for a divorce.  She
obtained temporary orders from the 326th District Court of Taylor County
directing appellant to vacate the family residence located at 1201 Park Avenue
by 5:00 p.m. on August 1, 2007.  When appellant did not comply with the court’s
temporary orders on a timely basis, his wife’s attorney called him on August
17, 2007, to tell him to vacate the premises.  The wife’s attorney described
his conversation with appellant as follows:

      Well the gist
of the conversation was that he had no place to go, that he needed much longer
than that to get out, and, you know, like he was going to need a couple months
to find a place, and I became a little brusk with him, I guess, and told him
the Judge wasn’t going to give it to him.  The Judge ordered it to her and told
him to get out. . . . I can’t quote exactly what he said, but, here again, the
thought that he conveyed to me was if he couldn’t have it, he would just burn
it down.

 

Appellant
testified during the guilt/innocence phase that he may have possibly said
something about blowing up the house after his wife’s attorney threatened to
have him physically removed from the house.

            Appellant’s
sixteen-year-old neighbor testified that on the afternoon of August 17, 2007,
he observed appellant on his porch and then observed appellant going between
his vehicle and his front door. He also testified that he smelled smoke during
the time that he observed appellant.  The neighbor testified that he then
witnessed appellant leave in his vehicle.  Approximately five minutes later,
the neighbor saw smoke coming from the roof of appellant’s house.  Another
neighbor, Shanda Bogard, in a statement to police, estimated the time interval
between when appellant left the house and when she saw smoke coming from the
house at five minutes.[1]

            Lieutenant
Paul Slabaugh, a fire investigator with the Abilene Fire Department, testified
that the fire department received a report of the fire at 5:29 p.m. on August
17, 2007.  Although the fire was brought under control within thirty minutes,
he classified it as a major fire because it was fairly large and presented the
danger of losing the entire house.  He identified the point of origin for the
fire to be in a corner of the attached garage.  Lieutenant Slabaugh was unable
to determine the exact cause of the fire.  However, he ruled out all possible
accidental causes for the fire, including electrical causes.  Accordingly, he
classified the fire as intentional based upon his suspicion that someone set the
fire.  

            In
his trial testimony, appellant denied intentionally setting the fire.  He
testified that he decided to leave the house voluntarily after his phone conversation
with his wife’s attorney on the day of the fire.  However, he did not deny
calling his wife’s answering machine at 4:09 p.m. and telling her that he would
have to be physically removed from the house.  Appellant testified that he left
the house to get some beer that afternoon when his neighbors saw him leave the
house prior to the fire.  He then visited a friend after going to the store.  When
questioned by police officers on the night of the fire, appellant told them he
had earlier broken a bottle of stripper or hardwood finisher in the area where
the fire started and that he may have accidently flipped a cigarette in that
area while doing laundry prior to leaving for the store to get beer.

Standard
of Review

Appellant
contends that the evidence is legally and factually insufficient to support his
conviction.  In order to determine if the evidence is legally sufficient,
the appellate court  reviews all of the evidence in the light most
favorable to the verdict and determines whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Laster
v. State, 275 S.W.3d 512, 517-18 (Tex. Crim App. 2009); Jackson v. State,
17 S.W.3d 664, 667 (Tex. Crim. App. 2000).  To determine if the
evidence is factually sufficient, the appellate court reviews all of the
evidence in a neutral light.  Laster, 275 S.W.3d at 519;
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Johnson v.
State, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain v. State, 958
S.W.2d 404, 407-08 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d
126, 129 (Tex. Crim. App. 1996).  Then, the reviewing court determines
whether the evidence supporting the verdict is so weak that the verdict is
clearly wrong and manifestly unjust or whether the verdict is against the great
weight and preponderance of the conflicting evidence.  Watson, 204
S.W.3d at 414-15; Johnson, 23 S.W.3d at 10-11.

The
appellate court reviews the factfinder’s weighing of the evidence and cannot
substitute its judgment for that of the factfinder.  Cain, 958
S.W.2d at 407; Clewis, 922 S.W.2d at 133.   Due deference must
be given to the factfinder’s determination, particularly concerning the weight
and credibility of the evidence.  Johnson, 23 S.W.3d at 9; Jones
v. State, 944 S.W.2d 642 (Tex. Crim. App. 1996).  The jury, as the
finder of fact, is the sole judge of the weight and credibility of the witnesses’
testimony.  Tex. Code Crim.
Proc. Ann. art. 36.13 (Vernon 2007),  art. 38.04 (Vernon
1979).  This court has the authority to disagree with the factfinder’s
determination “only when the record clearly indicates such a step is necessary
to arrest the occurrence of a manifest injustice.”  Johnson, 23
S.W.3d at 9.  Circumstantial evidence of intent must be reviewed with the
same scrutiny as any other element of the offense.  Laster, 275
S.W.3d at 519-20.  While the verdict is afforded less deference under a
factual sufficiency review, the appellate court is not free to override the
verdict simply because the appellate court disagrees with it.  Laster,
275 S.W.3d at 520.

            The
circumstantial evidence in this case was significant.  Appellant’s neighbors saw
smoke coming from the fire within minutes after he left the home.  Based upon
his investigation of the fire’s origin, Lieutenant Slabaugh ruled out all
accidental causes for the fire.  While he did not detect any accelerants or
pour patterns in the area, he testified that some types of accelerants, like
charcoal lighter fluid, do not leave fumes that can be detected after a fire. 
Based upon his findings, he concluded that the fire was intentionally set.  We
conclude that any rational trier of fact could have found the essential
elements of arson committed by appellant beyond a reasonable doubt because of Lieutenant
Slabaugh’s determination of an intentionally set fire, appellant’s statement on
the morning of the fire that he would burn the house down if he could not have
it, and his presence at the house immediately prior to the time witnesses saw
the fire.

            With
regard to the factual sufficiency of the evidence, appellant directs our
attention to his testimony that items of personal property that were valuable
to him were located in the area where the fire began.  This testimony, along
with his denial of intentionally starting the fire, were matters that were
dependent upon the jury’s determination of appellant’s credibility.  The idea
that appellant would not intentionally cause a fire because his personal
property would be damaged is not so overwhelming as to negate the
circumstantial evidence that he intentionally started the fire.  That is particularly
so when one considers his statement on the day of the fire that he would burn
the house down if he could not have it.  Accordingly, the evidence supporting
appellant’s conviction for arson is both legally and factually sufficient. 
Appellant’s sole issue is overruled.

This
Court’s Ruling

             The
judgment of the trial court is affirmed. 

 

            

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

September 2,
2010

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                [1]At trial, Bogard changed her estimate of the interval
between appellant leaving the house and the appearance of smoke coming from the
house to fifteen to twenty minutes.   It is significant to note that Bogard did
not voluntarily comply with the State’s subpoena for her to testify at trial as
a witness for the State.  Furthermore, her son and her boyfriend testified as
witnesses at trial on behalf of appellant.